UNITED STATES FIDELITY & GUARANTY CO. v. SUTHERLIN CONST. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1920.)

No. 3419.

1. PRINCIPAL AND SURETY ⬤⟾125—NOTICE OF DEFAULT NEED NOT STATE TIME WHEN PRINCIPAL MUST RESUME WORK.

Notice to a subcontractor that he was in default, necessary to render his surety liable, *held* not required to state the time within which he must resume work, where such time was fixed by the contract, or where he was given a reasonable time.

2. APPEAL AND ERROR ⬤⟾1064(1)—INSTRUCTION ASSUMING THAT NOTICE WAS GIVEN TO SURETY WITHOUT HYPOTHESIZING PREVIOUS DEFAULT NOT PREJUDICIAL.

In action against surety, instruction assuming that notice was properly given, without hypothesizing that surety had been put in default, is not prejudicial, where the jury must necessarily have reached conclusion that surety was in default before coming to question of notice.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by the Sutherlin Construction Company and others against the United States Fidelity & Guaranty Company and another. Judgment for plaintiffs, and defendant named brings error. Affirmed.

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Zach Spearing, of New Orleans, La., for plaintiff in error.

John Dymond, Jr., A. Giffen Levy, and Rudolph J. Weinmann, all of New Orleans, La., for defendants in error.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

GRUBB, District Judge. This was an action in the District Court, brought to enforce the liability of the plaintiff in error as surety on the bond of one Brooks, who was a subcontractor, under the defendant in error, for the doing of certain work, which the defendant in error, the original contractor, had contracted to perform for the city of Hammond, La. There was a verdict and judgment for defendant in error (plaintiff in the court below) against the contractor and his surety, which the writ of error sued out by the surety alone seeks to review.

Error, asserted to exist in the general charge of the District Judge and in his refusal to grant requested charges, is alone insisted upon to reverse the judgment against the surety. The plaintiff below, to make out its case, was required to prove (1) that there was a breach of the contract on the part of Brooks; (2) that Brooks was put in default; (3) that proper notice of his being put in default was timely given the plaintiff in error as his surety; and (4) that plaintiff was damaged by the breach. The errors complained of related to the second and third propositions—the putting in default of the subcontractor, and the notice thereof to the surety.

The only evidence to which we can look in the record consists of certain telegrams and letters. They are an insufficient basis on which to predicate error in the court's instructions or refusals to instruct the jury. The tendencies of the evidence are not set out in the bill of exceptions, so that this court can determine either that the District Court erred or that the plaintiff in error was prejudiced by any error that may have been committed. The exceptions to the court's charge, shown by the record to have been taken before the jury retired, do not correspond with the portions of the charge set out in the bill of exceptions as having been excepted to, nor do the grounds assigned correspond. The exceptions to the oral charge, as taken in the presence of the jury, were (1) to so much as stated that the notices for the delay, lack of workmen, or lack of progress in the work need not be in writing; and (2) to "so much of the charge as the statement of the court that Brooks was properly put in default." Exceptions were also taken to the refusal to give the requested charges.

As to the first exception to the oral charge, it is enough to say that the evidence without conflict showed that the notice relied on by plaintiff to put defendant in default was that of April 26th, and that it was a written letter. The sufficiency of its terms, and not its parol character, was the only question presented. No injury could therefore result to the plaintiff in error from a charge that written notice was not required. Complaints preceding the letter of April 26th were unimportant.

[1] The second exception is based on a mistaken conception of the charge of the District Judge. He did not charge that the subcontrac-

tor was properly put in default, but left that issue to be determined by the jury, depending upon its conclusion as to the meaning of the letter of April 26th, and as to the length of time after its receipt that Brooks was permitted to remain on the work. We do not think that the notice required to be given to put Brooks in default was required to state the length of time in which he was to resume work, whether that time was 5 days, as fixed by the original contract, or a reasonable time, if the subcontract was not held to adopt the terms of the original contract in this respect. If the letter of April 26th gave Brooks notice that he was in default, and if he was allowed to remain on the work 5 days, or for a reasonable time after its receipt, and did not within that time offer to resume work, the putting of him in default was effected, though the written notice omitted mention of any time. In any event, he had had the requisite period of notice before he was ejected.

In the absence from the record of all evidence to that effect, we cannot say that the District Judge was required to charge the jury as to whether or not, after Brooks had notice, and within 5 days, or a reasonable time, he offered to resume work. The District Judge did charge the jury that, unless Brooks was properly put in default by the letter of April 26th and by his failure to resume work within 5 days thereafter, the surety would not be liable. The inference to be drawn from the period covered by the correspondence between plaintiff in error and defendant in error, and before the plaintiff in error elected not to complete the work of its principal, which was on May 8th, is that more than 5 days had elapsed after the receipt of the notice by Brooks and before he was ejected from the work. It is not reasonable to believe that the defendant in error took over control of the work until the plaintiff in error had on May 8th declined to assume control. The reference in the defendant in error's telegram of April 28th to the plaintiff in error that defendant in error had "been compelled by the city of Hammond and city engineer to remove Brooks" may well have referred to the notice given Brooks on April 26th, and not to a physical dispossession of him from the work.

[2] If the jury determined from the evidence that the subcontractor, Brooks, was not legally put in default by the letter of April 26th, and by his being permitted to remain on the work for the required time thereafter, then the question of whether the plaintiff in error was properly notified of his being put in default was removed from the case altogether. The plaintiff in error would have been entitled to a verdict, though notice of Brooks' alleged default had properly been given the surety. It was only in the event that Brooks was properly put in default that the inquiry as to whether or not his surety was duly notified of his default could become material. For that reason the charge of the District Judge, though it assumed that notice to the surety company was properly given by the defendant in error, without hypothesizing that Brooks had been previously put in default, if erroneous, was not hurtful to plaintiff in error. The jury could never have reached the question of proper notice to the surety, unless it first found that Brooks had been properly put in default. The action of the surety,

in expressing its election not to complete the work, was an acknowledgment of notice, since the exercise of that election necessarily implied receipt of notice of Brooks' default. The surety was not called upon to elect, unless and until its principal was put in default and the surety notified thereof.

In the absence of a proper record, and of proper assignments of error, the sufficiency of the court's oral charge and of his action in refusing requested instructions cannot be intelligently passed upon. We find no instruction given, and none refused, the giving or refusing of which cannot be held to have been justified under evidence readily supposable, and the presence of which on the trial the record does not contradict.

The judgment of the District Court is affirmed.